IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs December 5, 2006

**STATE OF TENNESSEE v. DEVONNA BARBEE**

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 7860     Joseph H. Walker, III, Judge**

---

**No. W2006-00756-CCA-R3-CD  - Filed April 19, 2007**

---

Following a jury trial, the defendant, Devonna Barbee, was found guilty of felony reckless endangerment (Class E felony). She was sentenced as a Range I, standard offender, to a one-year community corrections sentence with sixty days to be served in jail. She appeals, contending the trial court erred by failing to grant her judicial diversion. After careful review, we conclude the trial court properly denied judicial diversion, and we affirm the judgment from the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID G. HAYES and J.C. MCLIN, JJ., joined.

Gary F. Antrican, District Public Defender, and Kari I. Weber, Assistant Public Defender, for the appellant, Devonna Barbee.

Robert E. Cooper, Jr., Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; Elizabeth T. Rice, District Attorney General; and Tracey A. Brewer-Walker, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

This case involves denial of judicial diversion to the defendant, a young woman who cut and permanently scarred a rival young woman in a dispute over a young man. The defendant was attending her eighteenth birthday party when an altercation arose inside a residence between the defendant and the victim, resulting in the victim being sprayed with mace. A short time later, another altercation between the defendant and victim occurred outside the party. During the second altercation, the victim sustained a five-inch cut on the back of her neck before she and the defendant were pulled apart by bystanders.

Investigator Jerry Mitchell of the Lauderdale County Sheriff's Department testified at trial that the defendant acknowledged the altercation and admitted that, even though she had a razor knife, she did not remember cutting the victim. The defendant told him that she threw the knife away.

The defendant was charged with aggravated assault, but the jury found her guilty of the lesser charge of felony reckless endangerment. She contends that the trial court abused its discretion in denying diversion. The State disagrees.

Analysis

The defendant takes issue with the trial court's considering that the offense involved bodily injury. She argues that felony reckless endangerment does not contemplate actual bodily injury. She contends the trial court erred by treating the defendant as though she had been convicted of aggravated assault. In determining an appropriate sentence, the trial court must look at several factors, including: the evidence received at trial and at the sentencing hearing; the presentence report; the principles of sentencing and arguments as to alternatives; the nature and circumstances of the conduct involved; the evidence offered by the parties regarding mitigating and enhancement factors; and any statement the defendant wishes to make on her own behalf regarding sentencing. See T.C.A. § 40-35-210(b) (2003). The trial judge can look behind the conviction to the circumstances of the offense as it actually occurred. State v. Sheila Saldana, 1991 Tenn. Crim. App. LEXIS 858, at * 4 (Tenn. Crim. App. Oct. 17, 1991). Our review of the record reflects that the trial court followed the sentencing guidelines. Therefore, even though such an injury is not required to sustain a conviction for felony reckless endangerment, it was proper for the trial court to consider that the victim was permanently scarred as a result of this offense. The defendant's argument on this point is misplaced.

Next, the defendant contends that no substantial evidence supports the denial of judicial diversion and that the trial court failed to state any reasons for the denial. The State argues that, although the trial court did not specifically recite the factors that should be considered, the totality of the trial court's sentencing remarks reflects that the trial court adequately announced its decisions on the length of the defendant's sentence, probation as the manner of service of the sentence, and denial of judicial diversion as a considerate approach to the disposition of the defendant's case.

We note, with some interest, that defense counsel now complains that the trial court did not state on the record its reasons for denying judicial diversion. The record reveals that defense counsel had a bench conference and requested, in essence, that the trial court take notice of the information contained in the presentence report but not mention the defendant's mental health issue or substance abuse in open court because the defendant's grandmother, who was unaware of the defendant's problems, was in the court room and because counsel saw no need to place such information on the record. It appears the trial court, in deference to the defendant's requests, was somewhat lacking in stating the reasons for denying judicial diversion on the record. We feel no such constraint.

The defendant is eighteen years old, has no prior record, and plans to attend college. A weapon, a razor or box cutter, was used by the defendant to cut and permanently scar the victim.

The defendant submitted to police that she and her friends were intoxicated on the night of the offense, which was the defendant's eighteenth birthday party. The defendant's history of substance abuse began at age twelve. The presentence report reflects that she began drinking alcohol and smoking marijuana when she was twelve years old. In 2002 or 2003, she inhaled embalming fluid to get high. She continues to drink once or twice each week to "calm her nerves." Although there is insufficient information in the presentence report to infer anything negative pertaining to this sentence, it is noted that the defendant had attempted suicide in the past and had been admitted to a mental health facility.

The record contains substantial evidence that this defendant has been less than candid, which reflects poorly on her amenability to rehabilitation. Further, it is clear that she has a substance abuse problem which she continues to deny and that she will not seek counseling, which also reflects poorly on her amenability to correction. We conclude that the trial court did not abuse its discretion in denying judicial diversion to this defendant. Accordingly, we affirm the judgment from the trial court.

## Conclusion

Based on the foregoing and the record as a whole, we affirm the judgment from the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE